FILED
AUG 1 6 2006
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHAHEED MUHAMMAD, #B-57134,

    Plaintiff,

v.

MARK E. WILSON, et al.,

    Defendants.

Case No. 05 C 743

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Shaheed Muhammad (hereinafter, "Muhammad") filed this suit under 42 U.S.C. § 1983 claiming Defendants Mark E. Wilson, Michael Grant, and Danielle Taylor (hereinafter, "Defendants") violated his First and Eighth Amendment rights by subjecting him to inhumane conditions in retaliation for inappropriate comments. Before the court is Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b). For the reasons that follow, the court **grants** Defendants' Motion for Summary Judgment.

### I. BACKGROUND

The following facts are taken from the parties' Local Rule 56.1 submissions. Submitted affidavits that were not signed were not taken into account. The following facts are undisputed, unless specifically stated otherwise. Because this is a summary judgment motion, all reasonable inferences are settled in the non-movant's favor.

Muhammad is incarcerated within the Illinois Department of Corrections at Stateville Correctional Center. On November 13, 2004, he stopped Danielle Taylor, a nurse at the prison, and stated "Dani, I want to fuck you in the ass." Taylor reported the comment to Lt. Mark Wilson, a correctional officer. Wilson questioned Muhammad about the remark and Muhammad repeated the remark. When Wilson requested Muhammad's ID Card, he provided an ID for a different inmate. Muhammad received a disciplinary report for violating the Illinois Department of Corrections Rules for Sexual Misconduct, Concealment of Identity, Giving False Information to an Employee and Insolence. As a result of these charges, Muhammad was placed in a holding cell that is located outside of the cell house, but still indoors for three hours. Muhammad was then placed in Cell 147 in the segregation unit.

During his time in the segregation unit, Muhammad was provided milk to drink with breakfast and lunch and juice to drink with dinner. On November 15, 2004, Muhammad filed a grievance regarding the plumbing in his cell, stating the toilet and sink were not functioning. On November 18, 2004, the plumbing was temporarily repaired. The plumbing repair was completed seven days after Muhammad was placed in his cell.

## II. **ANALYSIS**

A motion for summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The burden is on the moving party to show that no genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

Once the moving party presents a *prima facie* case showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Anderson*, 477 U.S. at 256-57. All reasonable inferences must be viewed in favor of the non-moving party. *Halland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989).

### A. Eighth Amendment Claims

Prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement. They must ensure that inmates receive adequate food, clothing, shelter, and medical care and must protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1988). However, a constitutional violation occurs only where the deprivation alleged is, objectively, "sufficiently serious," and the official has acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference entails something more than negligence, but is satisfied by something less than acts or

omissions for the very purpose of causing harm or with knowledge that harm will result. *Id.* Subjective recklessness is the appropriate test for deliberate indifference and mandates an inquiry into a prison official's state of mind. *Id.*

To amount to a constitutional violation, conditions of confinement must result in "extreme deprivations" of necessities such as food and shelter. *Hudson*, 503 U.S. 1 at 8-9; *Neal v. Clark*, 938 F. Supp. 484 (N.D. Ill. 1996). "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' . . . 'only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (citations omitted).

In reviewing Muhammad's claim, the court considers the totality of the conditions of his confinement to determine whether he has been deprived of basic human needs. *See Neal*, 983 F. Supp. at 486. The following facts of Muhammad's confinement are uncontested. Shortly after he was placed in the Cell 147, the plumbing broke down so that Muhammad had no running water and did not have a working toilet. He reported the conditions of his cell on November 15, 2004. The plumbing was temporarily repaired on November 18, 2004 and completely repaired on November 20, 2004, seven days after Muhammad was placed in the cell. Although he did not have working plumbing, Muhammad was given three meals a day, including beverages with each meal.

Courts have rejected conditions of confinement claims involving substantially worse conditions than those about which Muhammad complains. *See, e.g., Easter v. Cooper*, No. 91 C 4520, 1995 WL 109343, at *3 (N.D. Ill. 1995)(no running water for seven days constitutes an inconvenience but does violate Constitution); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)(being deprived of toilet paper for five days; not provided with soap, toothpaste, or a toothbrush for 10 days; and kept in a filthy, roach-infested cell for 28 days does not violate the Constitution); *Stone-El v. Sheanan*, 914 F. Supp. 202, 206 (N.D. Ill. 1995)(having to sleep on the floor, having no toilet paper and poor ventilation does not violate Constitution). Although the broken plumbing was an inconvenience to Muhammad, it did not amount to a constitutional violation.

In addition, the court notes that Defendants are entitled to protection under the doctrine of qualified immunity. Qualified immunity is immunity from suit rather than a mere defense to liability. *Easter*, 1995 WL 109343, at *3. The doctrine protects government officials from civil liability when they perform discretionary functions to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.*, (citing *Harlow v. Fitzgerald*, 102 S. Ct. 2727, 2738 (1982). Qualified immunity does not apply if (1) the alleged conduct sets out a constitutional violation and (2) the constitutional standards were clearly established at the time in question. *Wilson v. Fomigoni*, 42 F.3d

- 5 -

1060, 1064 (7th Cir. 1994). Muhammad's conditions of confinement did not clearly violate constitutional standards. Thus, Defendants are protected by qualified immunity.

The court finds as matter of law that no reasonable trier of fact could find that Defendants violated Muhammad's Eighth Amendment rights. The doctrine of qualified immunity also shields Defendants from civil liability.

**B. First Amendment Claims**

Muhammad attempts to state a claim for retaliation for engaging in protected speech. *Cain v. Lane*, 857 F.2d 1139, 1143 (7th Cir. 1988). He claims that he was disciplined and placed into Cell 147 for exercising his First Amendment rights. Because Muhammad proceeds *pro se*, the court construes his complaint liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

Muhammad's burden is high. He must establish that his protected conduct was a motivating factor behind the alleged retaliatory conduct and a chronology of events from which an inference of retaliation can be made. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). To prove Defendants had an improper motive in punishing Muhammad, he must put forward specific, nonconclusory factual allegations. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). In assessing his claim, the court affords the "appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Babcock*, 102 F.3d at 275 (citation omitted). The

ultimate question is whether Muhammad would have been placed in the cell absent a retaliatory motive. *Id.*

Muhammad fails to allege any specific, nonconclusory facts to support his allegations that Defendants improperly retaliated against him for engaging in protected speech. Muhammad was placed in a different cell for a clear violation of the prison's rules of conduct. Further, the statement by Muhammad to Taylor was lewd and obscene, and therefore not protected by the First Amendment. *See Purtell v. Mason*, 2006 WL 2037254, at *4 (N.D. Ill. July 18, 2006) (citing *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-72 (1942) ("Certain well-defined and narrowly limited classes of speech, the prevention and punishment of which has never been thought to raise any Constitutional problem . . . [t]hese include the lewd and obscene . . . ")). Thus, Muhammad fails to state a claim for a First Amendment violation.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment **is granted**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: August 16, 2006